IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY M. ATTAWAY, | |
| Petitioner, | |
| vs. | Case No. 16-cv-01047-JPG |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Ashley M. Attaway's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has not filed a response and the time for doing so has not expired. However, a response from the government is not required by the Court. For the following reasons, the Court denies Ms. Attaway's motion.

1. Background

On May 29, 2014, Ms. Attaway pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. *See United States v. Attaway*, Case No. 13-cr-40118-JPG-2 (Doc. 78). On September 11, 2014, the undersigned Judge sentenced Ms. Attaway to 188 months imprisonment, five years supervised release, a $100 special assessment, and a $100 fine[1]. (Doc. 98, 13-cr-40118). The Court found that there were no aggravating or mitigating role adjustments. (Doc. 91, 13-cr-40118).

---

[1] The 2013 United States Sentencing Guidelines, incorporating all guideline amendments, was used to calculate defendant's offense level and recommended sentencing range.

Ms. Attaway's § 2255 motion argues that Amendment 794 with regard to a mitigating role reduction should be applied retroactively to her sentence. There are no addition facts and/or arguments within her motion.

2. **Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). No evidentiary hearing has been conducted in this matter as the records and files clearly demonstrate that Ms. Attaway is not entitled to any relief.

Amendment 794 to the United States Sentencing Guidelines became effective on November 1, 2015. Although Amendment 794 has been held retroactive on direct appeal, it has not been held retroactive for collateral review. *See* U.S.S.G §§ 1B1.10(d)(listing covered amendments for retroactivity); *U.S. v. Quintero-Leyva*, 823 F.3d. 519, 521 nt 1 (9th Cir. 2016)(holding that Amendment 794 applies retroactively in direct appeals, but declining to determine whether the amendment applies to "a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings."). The petitioner has not cited to any controlling

case law that Amendment 794 applies retroactively. As such, the Court properly used the sentencing guideline manual in effect on the date of the petitioner's sentencing with regard to Ms. Attaway's participation in the offense. *See* U.S.S.G § 1B1.11.

### 3. Certificate of Appealability

Having denied Ms. Attawy's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Ms. Attaway has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Ms. Attaway may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

### 4. Conclusion.

The Court notes that Ms. Attaway's motion appears to be a standard format with her name inserted. The Court has received several of these motions within the past month and all have incorrectly asserted that Amendment 794 applies retroactively. The Court is concerned that this standard motion is being distributed throughout the petitioner's facility and warns that by filing this motion, the petitioner has subjected herself to the second or successive filing requirements contained in 28 U.S.C. § 2255, ¶ 8.

Based on the above, this Court **DENIES** Ms. Attaway's § 2255 Motion (Doc. 1) and **DISMISSES** this action.

The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.  Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:**  9/21/2016                              *s/J. Phil Gilbert*
                                                                           **J. PHIL GILBERT**
                                                                           **DISTRICT JUDGE**